## G. G. (Tang) CLARK v. STATE.

No. A-6759.   Opinion Filed May 17, 1930.
(288 Pac. 365.)

Howe & Howe, J. W. Warren, and R. L. Evans, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Choctaw county of murder, and was sentenced to life imprisonment in the state penitentiary.

The information properly charges defendant with the murder of Ivory Willingham by shooting with a rifle. The record discloses that the parties were negroes living in the city of Hugo; that some time prior to the homicide defendant had been keeping company with Alma Burkes; that he had been away from the city for some two or three months, and Ivory Willingham had possibly surplanted him in her affections, and for that reason he held malice against Willingham. The killing took place soon after dark in the rear of a restaurant where Alma Burkes worked. Only one shot was fired, so seriously wounding Willingham that he died some three or four days later. Just prior to the homicide, defendant attempted to borrow a pistol from Mack Wood, but did not procure it. He then went to the place of one Lee, and asked for a pistol, but, on being told by Lee that he had none, he took a Winchester rifle from under the bed and went away with it. Both of these witnesses testified that he was drinking. Deceased made a dying statement, in substance, that he was going through the alley back of Burk's place and met defendant, spoke to him, and that defendant shot him; that he was not doing anything, just going through the alley at the time he was shot. After the shooting, defendant fled, and was later apprehended at Hobart, Okla. Defendant testified in his own behalf, admitting that he fired the fatal shot, but claimed it was in self-defense; that at the time he fired deceased was approaching him with a knife. There was testimony that he stated to certain officers after his arrest that, if deceased had any weapon at the time he shot him, he did not know it.

A transcript of the record was filed in this court in 1927; the appeal was long delayed on account of the inability of the court reporter to furnish a transcript of the testimony, which was not filed until October, 1929. No briefs in support of the appeal have been filed.

On account of the serious nature of the charge and the sentence imposed, we have examined the record with particular care to ascertain if there is any jurisdictional or fundamental error. The record is brief, and the trial appears to have been entirely regular. The evidence reasonably sustains the verdict, and there is no material error apparent.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.